IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| RISING PHOENIX HOLDING ) <br> CORPORATION; TIDAL BASIN ) <br> GOVERNMENT CONSULTING ) <br> LLC; and NBT BANK, N.A. ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> REGIONS BANK; ) <br> REGIONS FINANCIAL ) <br> CORPORATION; and RICHARD ) <br> S. ROSS ) <br>   ) <br>   Defendants. ) | CIVIL ACTION NO.: <br> 23-cv-60781 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Regions Bank ("Regions Bank") and Regions Financial Corporation ("Regions Financial") (collectively the "Regions Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action—with reservation of all rights and defenses—from the Circuit Court of Broward County, Florida, where it is pending as case number CACE-22-017080 (the "Removed Action"), to the United States District Court for the Southern District of Florida. In support of this removal, the Regions Defendants state as follows:

### INTRODUCTION

This dispute centers around an alleged fraud that was perpetrated on Plaintiffs, Rising Phoenix Holding Corporation ("Rising Phoenix") and Tidal Basin Government Consulting, LLC ("Tidal Basin"). Rising Phoenix has an ownership interest in three of the nation's leading disaster preparedness and recovery firms. Am. Compl. at ¶ 1. One of its subsidiaries, Tidal Basin, entered

into a relationship with the State of Florida's Division of Emergency Management to support Florida's COVID-19 vaccination program. Am. Compl. at ¶ 2. In connection with this work, Tidal Basin engaged MCI BPO, LLC ("MCI") to staff a call center. Am. Compl. at ¶ 3. In October 2021, Tidal Basin owed over $29 million to MCI for services it provided. Am. Compl. at ¶ 27. Tidal Basin has an account at NBT Bank, NA ("NBT"). Am. Compl. at ¶ 39. Fraudsters gained access to the email account of Rising Phoenix's Vice President and Project Finance Chief. Am. Compl. at ¶ 30. The fraudsters sent a spoof email (posing as a MCI's CEO) informing Rising Phoenix that the payment owed to MCI should be sent to a specific account at Regions Bank. Am. Compl. at ¶ 35. The specified account number was actually associated with a Richard S. Ross ("Defendant Ross"). Am. Compl. at ¶ 37. Rising Phoenix then instructed NBT to initiate the transfer of $29,583,354.63 from Tidal Basin's account at NBT to Defendant Ross's account at Regions Bank, which Rising Phoenix believed belonged to MCI. Am. Compl. at ¶ 39. Funds were later wired out from Regions Bank to various banks, mostly in Mexico. Am. Compl. at ¶ 63. Because of the amount in controversy and the diversity of citizenship between the parties, this Court has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. § 1332, and removal to this Court is proper.

## PARTIES

*Plaintiffs*

1. Plaintiff Rising Phoenix is incorporated in New York and has its principal place of business in New York.

2. Plaintiff Tidal Basin is a District of Columbia limited liability company with its principal place of business in New York. According to public filings, Tidal Basin is a wholly-

owned subsidiary of Tidal Basin Holdings, LLC, which is a wholly-owned subsidiary of Rising Phoenix.[1]

3. Plaintiff NBT is incorporated under the laws of the United States with its principal place of business in New York.

### *Defendants*

4. Defendant Regions Bank is a citizen of the State of Alabama, because it is a banking organization that exists under that state's laws and that has its principal place of business in that state.

5. Defendant Regions Financial is a citizen of the State of Delaware and Alabama.

6. Defendant Ross, on information and belief, is an individual who is domiciled in and is a citizen of the State of Florida. *See* Am. Compl., ¶ 20; Exh. B at Doc. 1 at 4.

### STATEMENT OF REMOVAL

7. On November 14, 2022, Rising Phoenix, Tidal Basin, and NBT filed a complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, docketed as CACE-22-016912 (the "First State Court Action").

8. Those three Plaintiffs asserted claims against Regions Bank, Regions Financial, and Defendant Ross.

9. The Regions Defendants removed that action to this Court. Because the other defendant in the First State Court Action—Defendant Ross—had not yet been served with the Summons and Complaint, his consent was unnecessary. 28 U.S.C. § 1446(b)(2)(A).

---

[1] *See* https://das.nebraska.gov/materiel/purchasing/6202/Tidal%20Basin%20Proposal.pdf (at page 4 of 100; last visited 4/27/2023).

10. Moreover, as the Regions Defendants explained in that litigation, the forum-defendant rule, which otherwise would have precluded removal, only applies if a forum defendant has been properly joined and served. 28 U.S.C. § 1441(b)(2).

11. The three Plaintiffs voluntarily dismissed the First State Court Action.

12. Rising Phoenix and Tidal Basin then filed another complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, docketed as CACE-22-07080 (the "Second State Court Action").

13. Rising Phoenix and Tidal Basin filed that complaint against only Defendant Ross on November 17, 2022. *See* Exh. A at Doc. 6-1 at 3.

14. Defendant Ross removed that complaint that same day. *See* Exh. A at Doc. 6-1 at 3.

15. Four days after removal, "the Clerk for the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, issued a signed summons for Ross." *See* Exh. A at Doc. 6-1, ¶ 12.

16. On information and belief, Rising Phoenix and Tidal Basin purported to serve that summons on Defendant Ross.

17. That "attempted service was a nullity" because process was issued by the state court after it lost jurisdiction. *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

18. On April 21, 2023, this Court remanded the Second State Court Action, ruling that "where there is only one defendant who is from the forum state, that defendant's pre-service removal does not make the removal—otherwise impermissible under the forum-defendant rule—proper." Doc. 21 at 7, *Rising Phoenix Holding Corp. v. Ross*, No. 0:22-cv-62147-KMW (Apr. 21, 2023).

19. That same day, the Plaintiffs filed an Amended Complaint in the Second State Court Action. That Amended Complaint was filed by Rising Phoenix, Tidal Basin, and NBT against the Regions Defendants and Defendant Ross.

20. Counsel for the Regions Defendants accepted service on April 26, 2023, and the Regions Defendants now remove that case.

21. Because the other defendant—Defendant Ross—has not yet been served, his consent is again unnecessary. 28 U.S.C. § 1446(b)(2)(A); *see also Allman*, 302 F.2d at 562.

22. Moreover, the forum-defendant rule only applies if a forum defendant has been properly joined and served. 28 U.S.C. § 1441(b)(2).

23. This Notice of Removal is filed within thirty days of service of the Amended Complaint. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

24. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is "complete diversity between all plaintiffs and all defendants" and "the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see* 28 USC § 1441(b)(2).

25. Removal to the Fort Lauderdale Division of the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1441(a) because Broward County, where this action is currently pending, is within the Fort Lauderdale Division of the Southern District of Florida. 28 U.S.C. § 89(c).

26. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon the Regions Defendants (or otherwise part of the court file) are attached

hereto as **Exhibit B**. The Regions Defendants have not filed a responsive pleading in the State Court Action.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs, and a written notice of the filing of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court of Broward County, Florida on this date.

28. By filing and/or consenting to, as applicable, this Notice of Removal, the Regions Defendants do not waive any claim, argument, or defense that might be available to any of them, including objections to jurisdiction or venue, nor do they concede that Plaintiffs have pleaded any claim upon which relief may be granted.

29. In the event that any questions should arise with regard to the propriety of the removal of this Action, the Regions Defendants respectfully request the opportunity to present a brief and oral argument in support of their positions expressed herein.

## DIVERSITY JURISDICTION

30. Under 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in state court to the federal district court for the district in which the civil action was filed whenever the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action in pending."); *see also Loss Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115–16 (11th Cir. 2007) ("Original jurisdiction requires diversity of the parties or the existence of a federal question.").

### A. Complete Diversity Exists Among the Parties.

31. Complete diversity exists among the parties because no properly named defendant is a citizen of the same state as any plaintiff.

32. None of the Plaintiffs are citizens of Alabama. *See supra* at ¶¶ 1–3. Rising Phoenix is a citizen of New York. *See supra* at ¶ 1. Tidal Basin is a District of Columbia limited liability company with its principal place of business in New York. *See supra* at ¶ 2. According to public filings, Tidal Basin is a wholly-owned subsidiary of Tidal Basin Holdings, LLC which is a wholly-owned subsidiary of Rising Phoenix. *See supra* at ¶ 2. Thus, no members of Tidal Basin are citizens of Alabama. NBT is a national bank with its principal place of business in New York. *See supra* at ¶ 3.

33. Regions Bank is a citizen of the State of Alabama, because it is a banking organization that exists under that state's laws and that has its principal place of business in that state. *See supra* at ¶ 4.

34. Defendant Regions Financial is a citizen of the State of Delaware and Alabama. *See supra* at ¶ 5.

35. Defendant Ross is an individual who is domiciled in and is a citizen of the State of Florida. *See supra* at 6.

36. Because Defendant Ross has not yet been served, he need not join in or consent to this notice. 28 U.S.C. § 1446(b)(2)(A); *see also Allman*, 302 F.2d at 562.

### B. The Amount in Controversy Exceeds $75,000.

37. The $75,000 amount-in-controversy requirement is also met. 28 U.S.C. § 1332(a).

38. This dispute concerns an ACH transaction totaling $29,583,354.63 which was allegedly inappropriately credited to a Regions Bank account. Am. Compl. at ¶ 39. Plaintiffs

alleged only $4,905,730.26 has been recovered. Am. Compl. at ¶ 77. Plaintiffs claim they are entitled to a refund from the outstanding amounts from Regions. Am. Compl. at ¶ 91. All of the counts in the Amended Complaint attempt to assert theories under which Plaintiffs could recover over $20,000,000. Accordingly, the amount in controversy exceeds $75,000.00.

39. Based on the allegations in the Amended Complaint as set forth above, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332. Accordingly, removal of this action is proper under 28 U.S.C. § 1441.

## CONCLUSION

For the foregoing reasons, the Regions Defendants respectfully gives notice that this action has been removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, being the district and division for the county in which this action is pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted this 27th day of April, 2023.

s/ *Latanae L. Parker*
Latanae L. Parker, Esq.
*Attorney for Defendants, Regions Bank and Regions Financial Corporation*

**OF COUNSEL:**
**MAYNARD NEXSEN PC**
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 735-3753
Facsimile: (205) 254-1999
lparker@maynardnexsen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2023, a true and correct copy of the foregoing has been served by electronic filing through the CM/ECF system, which will send notice to the parties to this litigation as follows:

Nathan M. Berman (Fla. Bar No. 0329230)
101 East Kennedy Blvd., Suite 1200
Tampa, Florida 33602
Tel.: 813-221-1010
nberman@zuckerman.com

and

Aitan D. Goelman (pro hac forthcoming)
Casey Trombley-Shapiro Jonas (pro hac forthcoming)
Bryan M. Reines (pro hac forthcoming)
Trillium E. Chang (pro hac forthcoming)
1800 M. Street NW, Suite 1000
Washington, D.C. 20036
Tel.: 202-778-1800
Fax.: 202-822-8106
agoelman@zuckerman.com
cjonas@zuckerman.com
breines@zuckerman.com
tchange@zuckerman.com

*Counsel for Plaintiffs Rising Phoenix Holdings Corp. and Tidal Basin Government Consulting, LLC*

J. Randolph Liebler (Fla. Bar No. 507954)
Dora F. Kaufman, Esq. (Fla. Bar No. 0771244)
Courthouse Tower
44 West Flagler Street
Suite 2500
Miami, Florida 33130
Tel.: 305-379-0400
Fax.: 305-379-9626
jrl@lgplaw.com
dfk@lgplaw.com

service@lgplaw.com

*Counsel for NBT Bank, N.A.*

Richard S. Ross
525 N.E. 14th Ave.
Fort Lauderdale, FL 33301
Tel.: 854-252-9110
Fax: 854-252-9192
prodp@ix.netcom.com

*Pro se defendant*

                                       *s/ Latanae L. Parker*
                                       *Attorney for Defendants, Regions Bank and Regions Financial Corporation*