# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Rising Phoenix Holding Corporation *and*
Tidal Basin Government Consulting, LLC,

     *Plaintiffs*,

v.

     Case No. 0:22-cv-62147-KMW

Richard S. Ross,

     *Defendant*.

## MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Because Defendant Richard S. Ross is a Florida resident and removal is barred, Plaintiffs Rising Phoenix Holding Corporation and Tidal Basin Government Consulting, LLC move this Court to remand the present case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Plaintiffs also respectfully request that the Court award costs and attorney's fees pursuant to its statutory and inherent authority. *See* 28 U.S.C. § 1447(c).

## INTRODUCTION

On November 17, 2022, Plaintiffs sued Defendant Richard S. Ross ("Ross"), a resident of Fort Lauderdale, Florida, in Florida state court for violations of Florida common law. On the same day—before the court could generate a summons and Plaintiffs could serve Ross—Ross removed the case to federal court, based solely on diversity jurisdiction. However, because Ross is a citizen of Florida, the forum-defendant rule bars Ross from removing this case. Courts in this District and the 11th Circuit have rejected such gamesmanship on the part of forum defendants, and Plaintiffs respectfully request that this Court follow such precedent and remand the case to Plaintiffs' chosen—and the appropriate—forum.

## STATEMENT OF FACTS

On November 17, 2022, Plaintiffs filed a complaint against Ross in the Seventeenth Judicial Circuit in and for Broward County, Florida. *Rising Phoenix Holding Corp. v. Ross*, CACE-22-017080 (17th Cir. Ct. Broward Cty. Fla. Nov. 17, 2022); *see also* ECF No. 1-1 ("Complaint"). The Complaint pleads eight violations of Florida common law against Ross, arising out of Ross's role in the dissipation of more than $29.5 million stolen from Plaintiffs Rising Phoenix Holding Corporation and Tidal Basin Consulting, LLC (collectively, "Plaintiffs").

Prior to filing the lawsuit, Plaintiffs' counsel contacted Ross's counsel,[1] including on November 2, 2022, explaining that "[w]e plan to file a complaint naming Mr. Ross as a defendant . . . . Please let me know if you will accept service of the complaint, and I'll email you a copy when we file." Ex. 1 (Declaration of Nathan Berman) ("Berman Decl."), Ex. A (emails from November 2, 2022, between Aitan Goelman and Tama B. Kudman). Ross's counsel responded: "unfortunately we have not been authorized to accept service by our client." *Id.* Plaintiffs promptly lined up process servers to be prepared to serve Ross in-person as soon as Plaintiffs filed the Complaint and the court issued a summons. Berman Decl. ¶ 4. Plaintiffs subsequently filed the Complaint the morning of November 17, 2022.

However, that same day—before the court could issue a summons, and just hours after Plaintiffs filed the Complaint—Ross filed a notice of removal to this Court, invoking only Section 1332 of Title 28 of the United States Code, *i.e.*, diversity jurisdiction, as his grounds for removal. *See* ECF No. 1 ("Notice of Removal") at 1 (citing 28 U.S.C. §§ 1332, 1441, 1446). At 1:29 PM

---

[1] Ross filed his notice of removal *pro se* but has been represented by counsel in pre-litigation discussions and in related proceedings. *See, e.g.*, Claimant's Notice of Filing, ECF No. 26, *United States v. $4,183,402.14 in U.S. Currency seized from Regions Bank account *1113 R.S. IOTA Trust Acct.*, No. 5:22-cv-00138-GLS-TWD (N.D.N.Y. June 3, 2022).

EST on November 21, 2022, the day before this filing, the Clerk of Court for the Broward County Circuit issued a summons for Ross. Berman Decl. ¶ 12. As of the time of filing, Plaintiffs have been attempting service on Ross. Berman Decl. ¶ 13.

## ARGUMENT

### A.      The Forum-Defendant Rule Bars Removal of this Case.

"A defendant may remove a case from state court to federal court if the district court would have original jurisdiction." *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, No. 22-21629-CIV-MORENO, 2022 WL 16798446, at *2 (S.D. Fla. Nov. 8, 2022). Here, Ross removed this case based solely on the Court's diversity jurisdiction. *See* Notice of Removal 3. Plaintiffs do not dispute that there is complete diversity of citizenship, or that the case satisfies the amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a).[2] However, "[t]here are additional hurdles to remove a diversity case to federal court, which are at issue in this case and codified at 28 U.S.C. § 1441(b)(2)." *D'Ovidio*, 2022 WL 16798446, at *2. Additionally, "[t]he removal statute should be construed narrowly with doubt construed against removal," *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), and "the burden of establishing removal jurisdiction rests with the defendant seeking removal," *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *see also Williams v. Aquachile, Inc.*, 470 F. Supp. 3d 1277, 1279 (S.D. Fla. 2020) (noting that there is a "general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand") (citations omitted).

Because he is the sole defendant and a resident of Florida, Ross's notice of removal runs afoul of the so-called "forum-defendant rule," which militates that a civil action "otherwise

---

[2] Ross is a resident and citizen of Florida, Plaintiffs are headquartered in New York, and Plaintiffs seek damages exceeding $75,000. *See* Notice of Removal 4; Complaint ¶¶ 15–17, 35, 69.

removable solely on the basis of" diversity jurisdiction "*may not be removed* if any of the parties in interest properly joined and served as defendants *is a citizen of the State in which action is brought*." 28 U.S.C. § 1441(b)(2) (emphasis added); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and *no defendant is a citizen of the forum State*.") (emphasis added); *U.S. Nat'l Bank Ass'n v. Petruzzelli*, No. 17-22248-CIV-WILLIAMS, 2017 WL 8942511, at *1 (S.D. Fla. June 19, 2017) (citing section 1441(b)(2) and concluding that, "[b]ecause [Defendant] was sued by an out-of-state party in her home state of Florida, she cannot remove the state court case to federal court regardless of the citizenship of Plaintiff").

Ross seeks to take advantage of a potential loophole created by the text of the forum-defendant rule, which states that removal is barred if any parties "*properly joined and served* as defendants" are citizens of the forum state. 28 U.S.C. § 1441(b)(2) (emphasis added); *see also* Notice of Removal 2 ("The forum-defendant rule only applies if a forum defendant has been properly joined and served."). However, as courts in this District and the 11th Circuit have concluded, (1) the potential exception to the forum-defendant rule does not apply when, as here, there is only one defendant and that defendant is a resident of the forum state; and (2) allowing forum defendants to take advantage of such a loophole—particularly with the now-standard use of electronic filing systems, which allows defendants to see that they have been sued before plaintiffs are able to effect service—would subvert Congress's intent in enacting the forum-defendant rule and lead to absurd results. This Court should follow such precedent, reject Ross's gamesmanship, and remand this case to state court.

1.     *Congress Created Diversity Jurisdiction and the Forum-Defendant Rule to Protect Out-of-State Defendants, Not to Allow an In-State Defendant to Avoid Litigating in Plaintiffs' Chosen Forum.*

Diversity jurisdiction exists for a specific purpose, which is not to provide in-state defendants, like Ross, a free pass out of litigating in local state court state law claims properly pleaded against them. As the United States Supreme Court has explained,

> Diversity jurisdiction is founded on assurance to *non-resident litigants* of courts free from susceptibility to potential local bias. The Framers of the Constitution, according to [Chief Justice] Marshall, entertained 'apprehensions' lest distant suitors be subjected to local bias in State courts, or, at least, viewed with 'indulgence the possible fears and apprehensions' of such suitors. And so Congress afforded *out-of-State litigants* another tribunal, not another body of law.

*Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 111–12 (1945) (emphasis added) (citation omitted); *see also D'Ovidio*, 2022 WL 16798446, at *4 ("Congress devised the removal statute and diversity jurisdiction to protect out-of-state defendants from homegrown state juries."). Simply put, concerns of local bias against out-of-state defendants do not exist when the defendants are residents of the forum state. Diversity jurisdiction thus offers no basis to allow in-state defendants sued in their local state courts to bolt for federal court simply because they had notice of the state lawsuit prior to service. Moreover, allowing such maneuvering would directly undermine the "plaintiff's venue privilege." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W. Dist. Tex.*, 571 U.S. 49, 63 (2013) ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous.").

It is for these reasons that Congress enacted the forum-defendant rule, which prohibits removal based solely on diversity jurisdiction when a named defendant in the state-court action is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1292 (N.D. Ala. 2019) ("In general, the [forum-defendant] rule recognizes that in-state defendants do not need the protection of diversity

jurisdiction, and it reflects deference to the plaintiff's choice of forum.").

In 1948, Congress added to section 1441(b)(2) the "properly joined and served" language upon which Ross relies. *See* Notice of Removal 2. As the 11th Circuit has explained, "the likely purpose of this language is to prevent gamesmanship by plaintiffs," *i.e.*, "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom the plaintiff does not intend to proceed, and whom the plaintiff does not even serve." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (brackets and citation omitted). As such, many courts disfavor so-called "'snap removal,' through which defendants bypass the forum defendant rule found in § 1441(b)(2) by removing a case before service." *Bowman*, 423 F. Supp. 3d at 1289; *see also, e.g.*, *Butler v. Stage 29 Media Prods., Inc.*, No. 20-20239-Civ-COOKE/GOODMAN, 2020 WL 13349033, at *3 (S.D. Fla. July 10, 2020) ("The Court agrees with others before it, including in this District, that allowing this sort of snap removal flies in the face of the purpose of the forum defendant rule.").

It is beyond dispute that had Ross been served prior to removal, removal would be barred under the forum-defendant rule. The question, then, is whether Ross's attempt at snap removal was proper. To resolve this question, the Court need not decide whether snap removal is *ever* permissible; this motion can be decided on narrower grounds. Regardless of the permissibility of snap removal by non-forum defendants before any forum defendant is "properly joined and served," 28 U.S.C. § 1441(b)(2), there should be little question that a *forum defendant* may not take advantage of snap removal, particularly when, as here, the forum defendant is the *only* defendant. There are at least two available paths to reaching this conclusion: (1) removal is barred by the forum-defendant rule because any exception to the rule is inapplicable when there is only one defendant and that defendant is a citizen of the forum state; and (2) removal is barred because

allowing removal under these circumstances would subvert Congress's intent in enacting the forum-defendant rule and lead to absurd results.

> 2.  *Any Statutory Exception to the Forum-Defendant Rule Does Not Apply When There Is Just One Defendant and that Defendant Is a Resident of the Forum State.*

Because Ross is the only defendant in this case and is a citizen of Florida, the forum-defendant rule prohibits him from removing the case to federal court, regardless of whether he was served prior to removal. As a court in this District recently held in a remarkably similar posture, "[t]he timing of service of process is inconsequential in a case where the only defendant is an in-state defendant, who had advance notice of the lawsuit and where the Plaintiff had no opportunity to serve process before the removal." *D'Ovidio*, 2022 WL 16798446, at *1. The court determined that, "[t]o the extent § 1441(b)(2) creates an exception to the forum defendant rule, it does not apply in this case." *Id.* This Court should follow suit.

The *D'Ovidio* court analyzed the text of section 1441(b)(2)—"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."—noted there were "two [possible] interpretations of the statute," *id.* at *3, and reasoned that:

> Courts have found that § 1441(b) conditions removal on some defendant being properly joined and served. Courts have also found the word "joined" implies that the exception to the forum defendant rule applies only where there are two or more defendants—where one is in-state and one is out-of-state. . . . [T]he "joined and served" language therefore can apply only when there are multiple named defendants. Section 1441(b) lends further support to this interpretation because it references "defendants" in the plural implying that the service requirement applies when there are multiple defendants.

*Id.* (citations omitted); *see also Bowman*, 423 F. Supp. 3d at 1289 ("When considered in light of the whole statute, including its history and purpose, the second reading—*i.e.*, requiring at least one

defendant to have been properly joined and served before removal when an in-state defendant is involved—emerges as the better interpretation."). The court continued: "There are no other defendants, let alone any other served defendants that would trigger the exception to the forum defendant rule to allow a proper removal. Having found the exception does not apply, the Court finds the forum defendant rule bars removal of this action." *D'Ovidio*, 2022 WL 16798446, at *4. The court's reasoning applies with equal force here.

As here, in *D'Ovidio*, "Plaintiff filed his complaint arising out of Florida law in state court against [a single defendant], which is a Florida citizen." *Id.* at *1. "The next day . . . , Plaintiff filed an unsigned summons in state court requesting it issue a signed copy so that Plaintiff could initiate service. Florida's filing system does not permit a filer to file a summons until a case number has been issued . . . . [B]efore the state court clerk signed the summons, Defendant removed the case citing the Court's diversity jurisdiction." *Id.* Here, Plaintiffs filed an unsigned summons (requesting a signed copy in order to initiate service) the same day they filed their complaint; Ross filed his notice of removal also that same day; and the state court clerk only issued the signed summons *after* Ross had removed. *See* Notice of Removal; Complaint; Berman Decl. ¶¶ 6–8, 12. Similarly, just as here, *see* Berman Decl. ¶¶ 2–3, the parties in *D'Ovidio* exchanged pre-suit communications, and the defendant was therefore aware of the plaintiff's intention to file a lawsuit in state court and of the timing of that suit, *see* 2022 WL 16798446, at *1–2.

Just as in *D'Ovidio*, "Plaintiff[s] did not have an opportunity to serve the only defendant in this case given the state court's rules for issuing summonses. Defendant's purported right to be in federal court was based on a technicality . . . . [Defendant] had notice and was able to take advantage of the delay in the state court's issuance of the signed summons to remove the case." *Id.* at *4. This Court should therefore rule, as the court did in *D'Ovidio*, that removal is barred in

this case because Ross is the only defendant and is at home in state court, where Plaintiffs filed their action.

>    3.    *Any Statutory Exception to the Forum-Defendant Rule Does Not Apply Here, Where Allowing Removal Would Subvert Congressional Intent and Lead to Absurd Results.*

If the Court rejects the reasoning of *D'Ovidio*, it should still remand this case. In support of removal, Ross relies entirely on his interpretation of the forum-defendant rule as allowing for snap removal (*i.e.*, removal before a forum defendant is served) even if the only defendant named in the case is a forum defendant. *See* Notice of Removal 2 ("The forum-defendant rule only applies if a forum defendant has been properly joined and served.") (citing 28 U.S.C. § 1441(b)(2)). Courts in the 11th Circuit "look beyond the plain language of a statute at extrinsic materials to determine the congressional intent if: (1) the statute's language is ambiguous; (2) applying it according to its plain meaning would lead to an absurd result; or (3) there is clear evidence of contrary legislative intent." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). At base, Ross's interpretation of section 1441(b)(2) is untenable because it subverts Congress's intent and leads to absurd results. *See Bowman*, 423 F. Supp. 3d at 1292 ("But the 'properly joined and served' language [in section 1441(b)(2)] has created its own opportunities for mischief by defendants. Based on the interpretation of this language advanced by the removing defendants in this case, defendants can bypass the forum defendant rule so long as they remove before service, prompting races to the courthouse among other chicanery. Following this logic, even in-state defendants can remove a case so long as they do so before service.").

"[T]he likely purpose of [section 1441(b)(2)'s 'properly joined and served'] language is to prevent gamesmanship by plaintiffs," *Goodwin*, 757 F.3d at 1221, and Ross's "interpretation would take language designed to curtail gamesmanship by plaintiffs and employ that same language to enable gamesmanship by defendants," *Bowman*, 423 F. Supp. 3d at 1292. Indeed,

"[f]or over two-hundred years, the rule has been that in-state defendants cannot remove cases pursuant to diversity jurisdiction. It strains credulity to imagine that Congress meant to reverse this long-standing policy through an indirect loophole." *Id.* (citing *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 645–46 (D.N.J. 2008) (holding that it would be "absurd" and "could not have been intended by Congress" to allow in-state defendants to remove based on "the timing of service")). And as applicable here, "in cases involving in-state defendants, the removing defendants' interpretation would eviscerate the plaintiff's right to choose the forum." *Id.* This concern is particularly critical where the vast majority of complaints are now filed electronically: "There are numerous services available that provide automatic docket alerts for new case filings. These services make monitoring dockets relatively effortless, and would allow cunning defendants to further the practice of snap removal to harmful effect." *Id.*; *see also Timbercreek Asset Mgmt., Inc. v. De Guardiola*, No. 9:19-CV-80062-ROSENBERG/REINHART, 2019 WL 947279, at *1 (S.D. Fla. Feb. 27, 2019) ("[B]ecause it has become increasingly possible for defendants to constantly monitor court dockets, it has become easier for defendants to file notices of removal before they are served.").

Thus, even though based in the statute's plain text, Ross's interpretation of the forum-defendant rule leads to absurd results that Congress could not have intended, as such an interpretation would enable gamesmanship for no defensible purpose, based only on language designed to *prevent* gamesmanship. *See also Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1381 (N.D. Ga. 2018) ("[T]his decision is meant to close an absurd loophole in the forum-defendant rule and to uphold the purpose and integrity of the rule. The fact that the very words included to prevent gamesmanship have opened an avenue for more gamesmanship is an ironic absurdity that the Court will not enforce simply because the words 'properly joined and served'

appear unambiguous in isolation, and Congress has not provided more guidance on the issue.").

Given the absurdity of such an interpretation, "district courts in this Circuit have cited *Goodwin* to invalidate snap removals," even when noticed by non-forum defendants. *Timbercreek*, 2019 WL 947279, at *2; *see also, e.g.*, *Bowman*, 423 F. Supp. 3d at 1292–94; *Delaughder*, 360 F. Supp. 3d at 1381. But this Court need not decide whether all such snap removals are invalid. Rather, the Court need only look to precedent rejecting snap removals attempted by forum defendants; indeed, Plaintiffs are aware of no opinions from courts in the 11th Circuit, decided after *Goodwin*, that countenance such gamesmanship.

In *Timbercreek Asset Management, Inc. v. De Guardiola*, for example, a court in this District considered a very similar scenario and concluded that "the forum defendant rule bars the removal of suits when the forum defendant, engaging in litigation gamesmanship, removes a suit prior to service of process." 2019 WL 947279, at *3. In that case, the plaintiff had attempted to serve the only defendant (a forum defendant) but, due to the defendant's maneuvering, was unable to do so before the defendant removed the case to federal court. *See id.* Here, Ross similarly refused to accept service through his counsel and, aware that Plaintiffs would be filing their lawsuit in state court, apparently monitored the court's docket so he could remove the case before the Clerk of Court could issue a summons. *See* Berman Decl. ¶¶ 2–3, 6–8, 12. Plaintiffs never even had the opportunity to serve Ross before he filed his notice of removal. The *Timbercreek* court found that under such circumstances, where "Defendant's gamesmanship is apparent," the forum-defendant rule bars removal. 2019 WL 947279, at *3. This Court should reach the same conclusion.

**B.      The Court Should Award Costs and Attorney's Fees to Plaintiffs for Ross's Improper Removal.**

Pursuant to section 1447(c) of Title 28 of the United States Code, the Court may assess costs and attorney's fees if Ross "lacked an objectively reasonable basis for seeking removal."

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The party seeking fees need not "show[] that the unsuccessful [removing] party's position was frivolous, unreasonable, or without foundation," *id.* at 138 (quotation marks and citation omitted), and, similarly, a "showing of bad faith is not necessary as a predicate to the award of attorney's fees," *Daout v. Greenspoon Marder P.A.*, No. 13-20305-CIV, 2013 WL 2329931, at *4 (S.D. Fla. May 28, 2013).

Ross—the sole defendant in this case and a citizen of Florida—lacked an objectively reasonable basis for removing this matter to federal court based solely on diversity jurisdiction. Although proceeding here *pro se*, Ross is represented by counsel related to this dispute, and in any event is an attorney with an active bar license in the state of Florida. *See* Notice of Removal 5; Complaint ¶ 17; *see also W.P.R.F. v. Loewenstein*, No. 07-81063-CIV-HURLEY/HOPKINS, 2008 WL 11417703, at *2 (S.D. Fla. Jan. 16, 2008) (granting plaintiff's request for attorney's fees and costs when the "defendant knew that he was a citizen of Florida, and knew or should have known that removal on diversity grounds is not appropriate where a Florida citizen is sued in Florida state court"). Although Ross relies on plain text found in the removal statute, *see* Notice of Removal 2 (citing 28 U.S.C. § 1441(b)(2)), Plaintiffs are unaware of *any* cases in the 11th Circuit (decided after *Goodwin*) concluding that snap removal by forum defendants is permissible under the forum-defendant rule; and certainly there are no such rulings in cases where the forum defendant is the *only* defendant in the case, had notice of the state-court complaint before it was filed, and removed to federal court before the plaintiffs even had an opportunity to effectuate service. Ross removed this case mere hours after Plaintiffs filed it, knowing that Plaintiffs would not yet be able to serve him, despite the District and Circuit precedent cited in this motion (and otherwise) making clear that snap removal by forum defendants is prohibited—including the recent rulings in *D'Ovidio*, which is on all fours with this case, and *Timbercreek*, which is also on

12

all fours with this case and was decided on different grounds than *D'Ovidio*. Indeed, Plaintiffs' counsel contacted Ross after removal and asked him to consent to remand, noting that "because you are a citizen of Florida, the forum-defendant rule bars removal of this case." Berman Decl. ¶ 9, Ex. C. Later that same day, counsel for Plaintiffs provided Ross with the court's ruling in *D'Ovidio*. *Id.* ¶ 10, Ex. C. Without providing any explanation, Ross replied simply, "I will oppose your motion." *Id.* ¶ 11, Ex. C. Altogether, Ross's conduct and his flagrant disregard for the forum-defendant rule are not objectively reasonable. *Cf. also Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 n.5 (11th Cir. 1997) (noting courts' "broader inherent power derived from the common law to impose attorney fees and costs against an attorney who conducts litigation in bad faith").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion, remand this case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and assess costs and attorney's fees against Ross.

Dated: November 22, 2022

Respectfully submitted,

**ZUCKERMAN SPAEDER LLP**

*/s/ Nathan M. Berman*
Nathan M. Berman (Fla. Bar No. 0329230)
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel.: 813-221-1010
nberman@zuckerman.com

*Counsel for Plaintiffs Rising Phoenix Holdings Corporation and Tidal Basin Government Consulting, LLC*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3

In accordance with Local Rule 7.3(a), the undersigned certifies that counsel for Plaintiffs (the movants) has made reasonable efforts to confer with Defendant to resolve the issues raised in the motion. On November 20, 2022, the undersigned counsel contacted Defendant, who is *pro se*, via e-mail to ask if he would consent to remand of this matter. On November 21, 2022, Defendant replied stating that he opposes the motion to remand.

Dated: November 22, 2022

Respectfully submitted,

**ZUCKERMAN SPAEDER LLP**

*/s/ Nathan M. Berman*
Nathan M. Berman (Fla. Bar No. 0329230)
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel.: 813-221-1010
nberman@zuckerman.com

*Counsel for Plaintiffs Rising Phoenix Holdings*
*Corporation and Tidal Basin Government*
*Consulting, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2022, I caused the foregoing motion to be electronically filed with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all registered users in this case.

*/s/  Nathan M. Berman*
Nathan M. Berman

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Rising Phoenix Holding Corporation *and* Tidal Basin Government Consulting, LLC, | |
| *Plaintiffs*, | |
| v. | Case No. 0:22-cv-62147-KMW |
| Richard S. Ross, | |
| *Defendant*. | |

## <u>DECLARATION OF NATHAN M. BERMAN</u>

I, Nathan M. Berman, declare under penalty of perjury the following:

1.      I am an attorney and member of the Bar of the State of Florida and the Southern District of Florida. I am a partner at the firm Zuckerman Spaeder LLP and am counsel to Plaintiffs Rising Phoenix Holding Corporation and Tidal Basin Government Consulting, LLC. I am over twenty-one years old, am competent to testify on the matters set forth in this declaration, and have personal knowledge of the facts set forth herein.

2.      On November 2, 2022, Plaintiffs' counsel contacted Defendant's counsel by e-mail to ask whether counsel could accept service of Plaintiffs' anticipated complaint, to be filed in Florida state court. Ex. A.

3.      On November 2, 2022, Defendant's counsel replied, stating that her client had not authorized her to accept service. Ex. A.

4.      On November 2, 2022, Plaintiffs' counsel contacted process servers to be prepared to serve the complaint on Defendant as soon as the Clerk of Court generated a summons.

5.  On November 15, 2022, Plaintiffs' counsel asked the Clerk for the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida about timing for summons issuance and was informed that the court was facing approximately a one-week delay in issuing summonses due, in part, to Hurricane Nicole, which had made landfall in Florida on November 10, 2022.

6.  On November 17, 2022, Plaintiffs filed a complaint against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The complaint named only Richard S. Ross ("Ross") as defendant. *See* Notice of Removal, Ex. A, ECF No. 1-1.

7.  On November 17, 2022, once Plaintiffs received a case number from the Clerk of Court, Plaintiffs filed a request for summons with the Broward County Circuit Court. Ex. B.

8.  Also on November 17, 2022, just hours after Plaintiffs filed their complaint, Ross filed a Notice of Removal with the District Court for the Southern District of Florida. *See* Notice of Removal, ECF No. 1.

9.  On November 20, 2022, Plaintiffs' counsel contacted Ross via email seeking his position on this motion. Plaintiff's counsel also informed Ross of the recent ruling in *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, No. 22-21629-CIV-MORENO, 2022 WL 16798446 (S.D. Fla. Nov. 8, 2022). Ex. C.

10. On November 21, 2022, Plaintiffs' counsel sent Ross a copy of the ruling in *D'Ovidio*. Ex. C.

11. On November 21, 2022, Ross stated that he opposes Plaintiffs' motion to remand. Ex. C.

12.     On November 21, 2022, at 1:29 PM EST, the Clerk for the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, issued a signed summons for Ross.

13.     As of the time of filing, Plaintiffs have been attempting service on Ross.

Dated: November 22, 2022               Respectfully submitted,

**Zuckerman Spaeder LLP**

*/s/ Nathan M. Berman*
Nathan M. Berman (Fla. Bar No. 0329230)
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel.: 813-221-1010
nberman@zuckerman.com

# Exhibit A

**From:** "Tama B. Kudman" <TBK@pietragallo.com>
**Date:** November 2, 2022 at 12:03:12 PM CDT
**To:** "Goelman, Aitan" <AGoelman@zuckerman.com>
**Subject: Re: Richard Ross**

EXTERNAL

Aitan, unfortunately we have not been authorized to accept service by our client.

Best regards,

**Tama B. Kudman, Esquire**
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
7108 Fairway Drive, Suite 130
Palm Beach Gardens, FL 33418
Office: (561) 472-0811 | Fax: 561-828-0210
TBK@Pietragallo.com | BIO



This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this e-mail in error, please immediately notify Pietragallo Gordon Alfano Bosick & Raspanti, LLP by reply e-mail, and delete all copies of this communication from your computer and network. Thank you.

On Nov 2, 2022, at 8:39 AM, Goelman, Aitan <AGoelman@zuckerman.com> wrote:

Hi Tama –

As you know, we represent Rising Phoenix in its efforts to recover its funds that were disbursed from your client's IOTA account. We plan to file a complaint naming Mr. Ross as a defendant today. Please let me know if you will accept service of the complaint, and I'll email you a copy when we file.

Thanks,

Aitan

# Exhibit B

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Rising Phoenix Holding Corporation
*and*
Tidal Basin Government Consulting, LLC,

      *Plaintiffs*,

v.

Richard S. Ross,

      *Defendant*.

Case No.  CACE-22-017080 _____

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint

or Petition in this action on Defendant:

Richard S. Ross
525 NE 14th Avenue
Fort Lauderdale, Florida 33301

The Defendant is required to serve written defenses to the Complaint on Nathan M. Berman, Esq. Zuckerman Spaeder, LLP, Attorney for Plaintiffs, Rising Phoenix Holding Corporation, and Tidal Basin Government Consulting, LLC whose address is 101 East Kennedy Blvd., Suite 1200, Tampa FL 33602, **within twenty (20) days after service of this Summons on the Defendant**, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Defendant attorneys or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

DATED ON _____, 2022.

BRENDA D. FORMAN
Clerk of the Court

By_____
As Deputy

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

2

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prévue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

## ENPÒTAN

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/ Pwokire a" (Pleyan oswa avoka li) non anba a.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan [identify court personnel's address and telephone number], fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribinal la mwens pase 7 jou; si ou gen**

3

**pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

Dated: November 17, 2022

Respectfully submitted,

**ZUCKERMAN SPAEDER LLP**

*/s/ Nathan M. Berman*
Nathan M. Berman (Fla. Bar No. 0329230)
101 East Kennedy Blvd., Suite 1200
Tampa, FL 33602
Tel.: 813-221-1010
nberman@zuckerman.com

Aitan D. Goelman (*pro hac vice* forthcoming)
Casey Trombley-Shapiro Jonas
(*pro hac vice* forthcoming)
Bryan M. Reines (*pro hac vice* forthcoming)
Trillium E. Chang (*pro hac vice* forthcoming)
1800 M Street NW, Suite 1000
Washington, DC 20036
Telephone: 202.778.1800
Facsimile: 202.822.8106
agoelman@zuckerman.com
cjonas@zuckerman.com
breines@zuckerman.com
tchang@zuckerman.com

*Counsel for Plaintiffs Rising Phoenix Holdings Corp. and Tidal Basin Government Consulting, LLC*

4

# Exhibit C

## Chang, Trillium

| | |
|---|---|
| **From:** | Berman, Nathan |
| **Sent:** | Monday, November 21, 2022 11:25 AM |
| **To:** | Richard Ross |
| **Cc:** | Goelman, Aitan; Jonas, Casey; Reines, Bryan; Cartagena, Vivian; Chang, Trillium |
| **Subject:** | Re: Plaintiffs Rising Phoenix Holding Corporation and Tidal Basin Government Consulting, LLC v. Richard Ross |
| **Attachments:** | D'Ovidio v. Royal Caribbean Cruises.pdf |

Thanks Richard. I've attached a copy for your convenience.

Please let us know your position by 3 pm today so we may include it in our motion to remand.

Nate

On Nov 21, 2022, at 7:57 AM, Richard Ross <prodp@ix.netcom.com> wrote:

**EXTERNAL**

Nathan,

Thank you for your e mail. I will look at the case today and let you know my position.

Richard.

Sincerely,

RICHARD S. ROSS, ESQ.
**Patents, Trademarks, Copyrights
   and Related Litigation**
525 N.E. 14 Avenue
Ft. Lauderdale, Florida 33301
tel 954/252-9110
fax 954/252-9192

CONFIDENTIALITY NOTICE:
This e-mail is subject to the Electronics Communications Privacy Act, 18 U.S.C. § 2510-2521, and may be legally privileged. The information contained in this e-mail message, together with any attachments hereto or links contained herein, is strictly private and confidential information intended only for the use of the individual or entity named above. The information contained in this e-mail, and any attachments hereto may be attorney-client privileged, and work product confidential intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is STRICTLY PROHIBITED.

NOTICE UNDER U.S. TREASURY DEPARTMENT CIRCULAR 230, *Regulations Governing the Practice of Attorneys, Certified Public Accountants, Enrolled Agents, Enrolled Actuaries, and Appraisers before the Internal Revenue Service:*
To the extent that this e-mail communication and the attachment(s) hereto, if any, may contain written advice concerning or relating to a Federal (U.S.) tax issue, United States Treasury Department Regulations (Circular 230) require that we (and we do hereby) advise and disclose to you that, unless we expressly state otherwise in writing, such tax advice is not written or intended to be used, and cannot be used by you (the addressee), or other person(s), for purposes of (1) avoiding penalties imposed under the United States Internal Revenue Code or

(2) promoting, marketing or recommending to any other person(s) the (or any of the) transaction(s) or matter(s) addressed, discussed or referenced herein for IRS audit, tax dispute or other purposes.

On 11/20/2022 9:31 AM, Berman, Nathan wrote:

> Mr. Ross,
>
> As you know, we represent Plaintiffs Rising Phoenix Holding Corporation and Tidal Basin Government Consulting, LLC in the lawsuit against you that was improperly removed to U.S. District Court for the Southern District of Florida.  We write to see if you will consent to remand the matter back to the Seventeenth Judicial Circuit in and for Broward County, Florida.
>
> You removed the case to federal court solely based on diversity jurisdiction. However, because you are a citizen of Florida, the forum-defendant rule bars removal of this case.  The fact that you were able to file the notice of removal prior to being served with a summons and the complaint does not change that analysis.
>
> Rulings from the Eleventh Circuit and the Southern District of Florida have repeatedly rejected attempts at "snap removal" by singular, in state defendants.  In fact, earlier this month, in *D'Ovidio v. Royal Caribbean Cruises, Ltd*., No. 22-21629-CIV-MORENO, 2022 WL 16798446, at *2 (S.D. Fla. Nov. 8, 2022), Judge Moreno ordered remand of a case in an almost identical procedural posture.  Judge Moreno held that  "[t]he timing of service of process is inconsequential in a case where the only defendant is an in-state defendant, who had advance notice of the lawsuit and where the Plaintiff had no opportunity to serve process before the removal." *D'Ovidio*, 2022 WL 16798446, at *1.  In this matter, you obtained advance notice of the lawsuit and filed your notice of removal before the Seventeenth Judicial Circuit had issued the summons necessary for the service of process.  The plaintiffs never had the opportunity to serve you before the removal.
>
> Accordingly, please let us know if you will consent to the remand this matter to the Seventeenth Judicial Circuit.
>
> Sincerely,
>
> Nathan Berman

Rising Phoenix Holding Corporation et al v. Ross, Docket No. 0:22-cv-62147 (S.D. Fla. Nov 17, 2022), Court Doc

# General Information

| | |
|---|---|
| **Case Name** | Rising Phoenix Holding Corporation et al v. Ross |
| **Court** | U.S. District Court for the Southern District of Florida |
| **Date Filed** | Thu Nov 17 00:00:00 EST 2022 |
| **Judge(s)** | KATHLEEN MARY WILLIAMS |
| **Federal Nature of Suit** | Personal Property: Fraud [370] |
| **Docket Number** | 0:22-cv-62147 |
| **Parties** | Tidal Basin Government Consulting, LLC; Richard S. Ross; Rising Phoenix Holding Corporation |

© 2022 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Bloomberg Law®**