UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60781-CIV-SMITH

RISING PHOENIX HOLDING
CORPORATION, *et al.*,

        Plaintiffs,

vs.

REGIONS BANK, *et al.*,

        Defendants.
_____/

**ORDER GRANTING MOTION TO REMAND**

This matter is before the Court on Plaintiff's Motion to Remand [DE 11], the Regions Defendants'[1] Opposition to Remand [DE 20], Defendant Richard S. Ross's Response in Opposition to Plaintiffs' Motion to Remand [DE 21], and Plaintiffs' Reply [DE 28]. Plaintiffs seek to remand because removal was improper based on the forum-defendant rule and complete diversity does not exist between the parties. Defendants maintain that removal was proper because Ross had not yet been served and the Regions Defendants also maintain that Regions Financial Corporation ("Regions Financial") was fraudulently joined. For the reasons that follow, the Motion to Remand is granted.

**I.    Procedural History and Allegations in the Amended Complaint**

This case was filed in Circuit Court in Broward County Florida on November 17, 2022 by Plaintiffs Rising Phoenix Holding Corporation ("Rising Phoenix") and Tidal Basin Government Consulting, LLC ("Tidal Basin") against Defendant Richard Ross. On the same day that the case

---

[1] The "Regions Defendants" are Defendants Regions Bank and Regions Financial Corporation.

was filed, November 17, 2022, Ross removed the state action to federal court and the case was assigned to United States District Judge Williams. On November 21, 2022, after the case was removed, the state court clerk of court issued a summons to Ross, who was served with the state court summons on November 23, 2022, six days after removal. On December 8, 2022, Ross filed a Motion to Dismiss for failure to state a claim in the district court. Ross did not raise the issue of service in his Motion to Dismiss (the "12(b)(6) Motion").

On April 21, 2023, Judge Williams remanded the case back to state court based on the forum-defendant rule. *See Rising Phoenix Holding Corp. v. Ross*, No. 22-62147-CV-Williams, 2023 WL 3032095 (S.D. Fla. April 21, 2023). The forum-defendant rule, set out in 28 U.S.C. § 1441(b)(2), states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Ross, a citizen of Florida and the sole named defendant at the time of removal, had removed the case prior to being served. In remanding, Judge Williams found that such "snap-removals," removals done before the forum-state defendant was served, were barred by the forum-defendant rule. *Id.* at *3.

The same day that the case was remanded, April 21, 2023, the Amended Complaint [DE 1-2 at pp. 49-77] was filed in state court. The Amended Complaint added an additional Plaintiff, NBT Bank, N.A. ("NBT"), and two new Defendants, Regions Bank and Regions Financial. The Amended Complaint was filed electronically, as required, providing Ross, who had registered for e-filing notifications, with notification of the Amended Complaint. On April 26, 2023, the Amended Complaint was served by email on the Regions Defendants' counsel, who was authorized to accept service on behalf of the Regions Defendants. On the same day, Ross was also served with the Amended Complaint by email. On April 27, 2023, the Regions Defendants

2

removed the case based on diversity jurisdiction. On May 5, 2023, the Regions Defendants filed an Amended Notice of Removal, which argued that Regions Financial had been fraudulently joined.

Briefly, the Amended Complaint alleges that hackers perpetrated a fraud against Rising Phoenix and Tidal Basin causing them to transfer from Tidal Basin's account at NBT over $29.5 million to Ross's Interest on Trust Account ("IOTA") at Regions Bank. Thereafter, at Ross's instruction, Regions Bank executed or attempted to execute a series of wire transfers, sending most of the $29.5 million to banks in Mexico. The Amended Complaint alleges twelve causes of action: (1) violation of New York Uniform Commercial Code, section 4-A-207 against Regions Bank; (2) breach of fiduciary duty against Ross; (3) aiding and abetting breach of fiduciary duty against Regions Bank; (4) negligence against Regions Bank and Regions Financial; (5) negligence against Ross; (6) gross negligence against Regions Bank; (7) gross negligence against Ross; (8) fraud against Ross; (9) constructive fraud against Ross; (10) fraudulent concealment against Ross; (11) aiding and abetting fraud against Ross; and (12) conversion against Ross.

**II.     Discussion**

Plaintiffs maintain that removal was improper based on the forum-defendant rule and because complete diversity between the parties is missing. Plaintiffs argue that Ross waived service and/or was properly served under Florida law after this case was initially removed in 2022. As explained below, removal was improper because Defendant Ross waived service and was, thus, "properly joined and served" at the time of removal. Consequently, because removal was improper, the Court need not address whether Regions Financial was fraudulently joined.

Plaintiffs argue that Ross waived service of process by filing his 12(b)(6) Motion in *Rising Phoenix Holding Corp. v. Ross*, No. 22-62147-CV-Williams and not raising failure to serve or any

3

other issue of personal jurisdiction in that motion.  Under Federal Rule of Civil Procedure 12(h), a party waives certain defenses, including insufficient service of process, if the party fails to raise them in the party's first motion under Rule 12.  Fed. R. Civ. P. 12(h).  Further under Federal Rule of Civil Procedure 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Thus, under Rules 12(g)(2) and 12(h)(1), "a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion."  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

Defendants argue that Ross did not waive service of process.  Ross maintains that once Plaintiffs filed the Amended Complaint, they changed the scope of the case and revived Ross's ability to raise defenses not originally asserted.  The Regions Defendants argue that Ross did not waive service because his motion to dismiss in *Rising Phoenix Holding Corp. v. Ross*, No. 22-62147-CV-Williams, was held in abeyance and never ruled on by the court.

Contrary to Defendants' arguments, Ross waived service of process when he filed his 12(b)(6) Motion and did not raise the issue of service of process.  The fact that Judge Williams did not rule on the motion does not change the fact that Ross failed to raise service of process in the motion and thereby waived any such defense.  *See Pardazi*, 896 F.2d at 1317 ("A party that fails to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent."); *Dunkel v. Hamilton*, No. 3:15-CV-949-J-34PDB, 2016 WL 4844662, at *6 (M.D. Fla. Aug. 8, 2016), *report and recommendation adopted*, No. 3:15-CV-949-J-34PDB, 2016 WL 4765740 (M.D. Fla. Sept. 13, 2016) (failing to raise the defense of personal jurisdiction in the first motion to dismiss even though it had been

available at that time waived the defense even if the court failed to substantively rule on the motion to dismiss). The filing of the Amended Complaint does not change the fact that Ross waived service because the defense was available to him at the time he filed his 12(b)(6) Motion. *See Dunkel*, 2016 WL 4844662, at *6. Thus, Ross waived service of process when he filed his 12(b)(6) Motion in *Rising Phoenix Holding Corp. v. Ross*, No. 22-62147-CV-Williams, and was properly before the court at the time of the instant removal.

The Regions Defendants also argue that, even if Ross waived service, they are not bound by the waiver and can still remove as if Ross were not properly served and joined. While this appears to be an unusual situation, the Eleventh Circuit's decision in *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014), provides guidance. In *Goodwin*, the Eleventh Circuit explained:

> the purpose of the ["properly served and joined"] language [in § 1441(b)(2)] is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve. . . . We find this interpretation persuasive. Because the likely purpose of this language is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion . . . to undo *Defendants'* gamesmanship in the circumstances at bar.

*Id.* at 1221 (some alterations in original; citations and footnote omitted; emphasis in original). First, the Court notes that the Regions Defendants have failed to provide any authority to support their proposition that they are not bound by the effect of Ross's waiver of service on the application of § 1441(b)(2). Further, adopting the Regions Defendants' argument that they are not bound by Ross's waiver would "turn the removal statute on its head." *Phoenix Holding Corp.*, 2023 WL 3032095 at *2 (citation omitted). It would condone and permit Defendants' gamesmanship, while preventing Plaintiffs' gamesmanship. Thus, the Court finds that removal of this matter was improper under the forum-defendant rule. At the time of removal, the forum-defendant, Ross, had been "properly served and joined" within the meaning of § 1441(b)(2).

Accordingly, it is

**ORDERED** that:

1. Plaintiff's Motion to Remand [DE 11] is **GRANTED.**

2. The Clerk is directed to **REMAND** this case to the Seventeenth Judicial Circuit in and for Broward County, Florida.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of February, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record